The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DESMOND MANAGO, <br><br> Defendant. | No. CR14-023-RSM <br><br> DEFENDANT'S RESTITUTION MEMORANDUM |

The Defendant, by and through his attorney of record, Craig Platt, hereby files this Restitution Memorandum in the above-captioned case. A restitution hearing is scheduled for Thursday, November 19, 2015 at 11:00 a.m. The defense does not intend to present any testimony, and will rely on the filed documents and exhibits, along with the Defendant's Presentence Report ("PSR").

## I. BACKGROUND

On February 5, 2015, Mr. Manago was convicted of one count of Sex Trafficking of a Child, in violation of Title 18, United States Code, Section 1591. As part of his plea agreement, Mr. Manago agreed to make restitution to victims JF1 and A.H. in an amount to be determined at sentencing. Dkt 24 at 4.

## II. LAW AND ANALYSIS

The court shall order restitution for any offense under 18 U.S.C. 1581 *et seq*. 18 U.S.C. 1593(a). The order of restitution shall direct the defendant to pay the victim the full amount of the victim's losses. 18 U.S.C. 1593(b)(1). The full amount of the victim's losses shall include

RESTITUTION MEMORANDUM - 1
No. CR14-023-RSM

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act.  18 U.S.C. 1593(b)(3).

The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the government.  18 U.S.C. §3664(e).  The government's burden is a preponderance of the evidence.  18 U.S.C. §3664(e); *United States v. Savoie*, 985 F.2d 612, 617 (1st Cir. 1993); Government's Restitution Memorandum at 4.  It is true the standard must be applied in a practical, common sense way.  *Savoie*, 985 F.2d at 617.  But common sense does not reduce the government's burden.  The Ninth Circuit describes the preponderance of the evidence standards as "a meaningful one that requires the judge to be convinced by a preponderance of the evidence that the fact in question exists."  *United States v. Restrepo*, 946 F.2d 654, 661 (9th Cir. 1991) (citing *United States v. Streeter*, 907 F.2d 781, 792 (8th Cir. 1990)).  It is a misinterpretation of the preponderance test that it call on the trier of fact merely to perform an abstract weighing of the evidence in order to determine which side has produced the greater quantum, without regard to its effect in convincing his mind of the truth of the proposition asserted.  *Restrepo*, 946 F.2d at 661 (citing *In re Winship*, 397 U.S. 358, 367-68, 90 St. Ct. 1068 (1970).  This is the standard the government must satisfy.

### A.  Restitution As To JF1

The government does not claim any costs incurred by JF1 for medical services; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care services; lost income; or any other losses.  See 18 U.S.C. 2259(3).  It claims only the greater of the gross income or value to Mr. Manago of JF1's services or labor or the value of JF1's labor.  See Government's Restitution Memorandum at 5-6.  The government has produced no evidence to support a claim beyond the scope of gross income or value to Mr. Manago of JF1's services or labor or the value of JF1's labor.  As a result, the issue of restitution as to JF1 must be limited to this issue.  See 18 U.S.C. §3664(e) (burden of demonstrating the amount of loss shall be on the government).

The government claims JF1 testified that she had between 10 to 20 dates each day during the time she worked for Mr. Manago.  Government's Sentencing Memorandum at 5.  However, JF1's testimony shows she did not know how many dates she would go on during a typical day:

Q. How many dates would you do a day typically?

RESTITUTION MEMORANDUM - 2
No. CR14-023-RSM

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

A. *I don't know*.

Q. Would it range?

A. Like 10, 20, *I don't know*.

Grand Jury Testimony of JF1, Gov't Exhibit 1 at 17 (emphasis added). JF1 also "guessed" when she claimed she earned "like $5,000" per week (or a total of $20,000). *Id*. at 21-22 ("Could you *guess* how much money you gave him per week?" (emphasis added)). JF1 similarly speculated that she earned at least $30,000.00 at a later time. See *id*. at 33. The government has provided no foundational facts to support these bald claims. It has pointed to no other independent evidence to corroborate JF1's guesses. This is distinct from the circumstances in *United States v. Nash*. There the Ninth Circuit explained "[t]he district court did not err by relying on the victim's sworn statements *and the corroborating extrinsic evidence* to establish the amounts earned…." *United States v. Nash*, 558 Fed. Appx. 741, 741 (9th Cir. 2014) (emphasis added). The preponderance of evidence standard is a meaningful standard. *Restrepo*, 946 F.2d at 661. The standard Congress placed on the government cannot be met by a guess or speculation. Mr. Manago denies JF1 made $5,000 per week during October 2012 or a total of $20,000. He further denies JFL earned $30,000 at a later time. The $50,000 figure is inaccurate. The government has failed to prove this amount by a preponderance of evidence.

Congress has specified an alternative measure for restitution under 18 U.S.C. §1593 for a purpose. This is the "value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18 U.S.C. §1593(b)(3). The court must resort to this alternative measure because the government has failed to prove the value to Mr. Manago of JF1's services or labor by a preponderance of the evidence as it concedes is required. 18 U.S.C. §3664(e); *United States v. Savoie*, 985 F.2d 612, 617 (1st Cir. 1993); Government's Restitution Memorandum at 6. Accordingly, the court must order restitution in the amount of $26,613.76 as the government explains and admits is the proper amount under the alternative measure. Government's Restitution Memorandum at 6.

### B. Restitution As To A.H.

The government does not claim any costs incurred by A.H. for medical services; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care services; lost income; or any other losses. See 18 U.S.C. 2259(3). It claims only the greater of the gross income or value to the defendant of A.H.'s services or labor or the value of

RESTITUTION MEMORANDUM - 3
No. CR14-023-RSM

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

A.H.'s labor. See Government's Restitution Memorandum at 6-7.  The government has produced no evidence to support a claim beyond the scope of gross income or value to Mr. Manago of A.H.'s services or labor or the value of A.H.'s labor.  As a result, the issue of restitution as to A.H. must be limited to this issue.  See 18 U.S.C. §3664(e).

As with JF1, the government relies on similar guess work to support its restitution claim for A.H.  For example, the government asserts that A.H. testified Mr. Manago "required her to work as a prostitute seven days a week, earn between $500 to $1000 per day, and provide him with all of her earnings."  Government's Restitution Memorandum at 7. [1]  It ignores the content of A.H.'s actual testimony:

> Q.  Did he also set the prices for your dates?
>
> A.  *He didn't set prices*, but he'd tell me a specific amount of money that I had to get a day, anywhere from five to a thousand dollars.  My prices were what I set.
>
> Q.  But *he wanted* you to give him 500 to a thousand dollars a day?
>
> A.  Yes.
>
> …
>
> Q.  What would happen if say you only made $300 in a day?
>
> A. Like some days he was okay with it.  Some days he would get frustrated with it….

Grand Jury Testimony of A.H., Gov't Exhibit 2 at 10-11 (emphasis added).  It is apparent A.H. did not earn $500 to $1000 every day as the government claims.  The government's claim that A.H. earned $50,000 at a later date also falls short of proof by a preponderance of the evidence. It ignores the content of A.H.'s actual testimony:

> Q.  How much do you *think* you made during this cross-country trip?
>
> A.  *I want to say* about $50,000.

Grand Jury Testimony of A.H., Gov't Exhibit 2 at 33 (emphasis added).  The government has provided no foundational facts to support these bald claims.  It has pointed to no other independent evidence to corroborate A.H.'s guesses.  Mr. Manago denies the value of A.H.'s services or labor reached $50,000 during such a short period of time.  The $50,000 figure is inaccurate.  The government has failed to prove this amount by a preponderance of evidence. Accordingly, the court must resort to the alternative measure for restitution under 18 U.S.C.

---

[1] It is telling many of the government's assertions are tempered by the signal "*See*."  This signal is used when the proposition is not directly stated by the cited authority.

RESTITUTION MEMORANDUM - 4
No. CR14-023-RSM

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

§1593(b)(3) for a purpose.  The government admits the value of A.H.'s labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act is $26,613.76.  Government's Restitution Memorandum at 7.

### III.   CONCLUSION

The restitution analysis under 18 U.S.C. §1593 does not consider emotion, disgust, or disdain.  See 18 U.S.C. §1593; see also *United States v. Nash*, 558 Fed.App. 741, 742 (9th Cir. 2014) ("Nash contends that there was no evidence of ill-gotten gain or monetary loss…The relevant statute, however, provides that the restitution order should compensate 'the full amount of the victim's losses'…."); compare Government's Restitution Memorandum at 6 ("ill-gotten profits"); 7 ("ill-gotten gains" "exploitation").  Mr. Manago has taken responsibility and is serving a sentence to include a term of imprisonment for 120 months for his actions.

The government must prove by a preponderance of the evidence the gross income or value to the defendant of the victim's services or labor for the court to order restitution in the amount of $50,000 for JF1 and $50,000 for A.H.  18 U.S.C. §1593(b)(3); 18 U.S.C. §3664(e); *Savoie*, 985 F.2d at 617; Government's Restitution Memorandum at 4.  This standard does not call on the court merely to perform an abstract weighing of the evidence in order to determine which side has produced the greater quantum.  It is a meaningful standard that requires the judge to be convinced by a preponderance of the evidence that the fact in question exists.  *Restrepo*, 946 F.2d at 661.  Speculation, guess, and bald assertions are insufficient.  The government has failed to meet its burden to show that value to Mr. Manago of JF1's services or labor was in fact $50,000 and A.H.'s was $50,000.

DATED this 3rd day of November, 2015.

Respectfully submitted,
PLATT & BUESCHER

*s/Craig Platt*_____
Craig Platt, WSBA #12396
Attorney for Defendant
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

RESTITUTION MEMORANDUM - 5
No. CR14-023-RSM

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on 11/12/2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telephax.

*s/Lisa Nagel*_____
Lisa Nagel
Platt & Buescher paralegal
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: reception@plattbuescher.com

RESTITUTION MEMORANDUM - 7
No. CR14-023-RSM

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323